NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WONDERLAND NURSERYGOODS CO., LTD.,**
*Appellant*

**v.**

**BABY TREND, INC., DENNY TSAI, BETTY TSAI,**
*Appellees*

---

2017-1295, 2017-1297

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2015-00841, IPR2015-00842.

---

Decided: April 19, 2018

---

GREGORY A. CASTANIAS, Jones Day, Washington, DC, argued for appellant. Also represented by DOUGLAS PEARSON; MARK A. FINKELSTEIN, Irvine, CA; JOSHUA R. NIGHTINGALE, Pittsburgh, PA; JOSEPH M. SAUER, Cleveland, OH.

R. TREVOR CARTER, Faegre Baker Daniels LLP, Indianapolis, IN, argued for appellees. Also represented by REID E. DODGE, ANDREW M. MCCOY; JOEL SAYRES, Denver, CO.

---

Before PROST, *Chief Judge,* NEWMAN, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

Wonderland Nurserygoods Co. appeals two inter partes review decisions. In IPR2015-00841, the Patent Trial and Appeal Board determined claims 20–28 of U.S. Reissue Patent RE43,919 were anticipated by U.S. Patent No. 6,004,182 ("Pasin") and would have been obvious over Pasin in combination with U.S. Patent No. 7,063,096 ("Stoeckler"). It also determined claims 15–19 were anticipated by Australian Patent No. 715,883 ("Bidwell") and would have been obvious over Bidwell in combination with Stoeckler. It further concluded claim 29 would have been obvious over the combination of Bidwell and Stoeckler. In IPR2015-00842, the Board concluded claims 1–5 and 8–29 would have been obvious over U.S. Patent No. 3,924,280 ("Vaiano"), in combination with Paisin, and the combination of Vaiano, Pasin, and Stoeckler. Because the Board erred in its claim construction, which applies to all claims, we reverse.

## BACKGROUND

The '919 patent discloses an easy to assemble baby crib in which a fabric member is positioned on a bed frame structure. '919 patent at 1:43–46. Independent claims 1, 8, 15, and 20 contain limitations reciting either "a fabric member" or "an enclosure member." The remaining challenged claims depend from these claims. In the IPRs the Board construed "a fabric member" to mean "one or more pieces of fabric" and "an enclosure member" to mean "one or more members." J.A. 17, 151. Applying these constructions, the Board determined that Vaiano, Pasin, and Stoeckler taught these limitations. In

IPR2015-00842, the Board also stated that Vaiano taught "a single, continuous member." J.A. 171.

Wonderland timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's legal determinations de novo and its fact findings for substantial evidence. *CRFD Research, Inc. v. Matal*, 876 F.3d 1330, 1336 (Fed. Cir. 2017). Obviousness is a question of law based on underlying facts. *Id.* at 1340. Anticipation is a question of fact. *Id.* at 1338. We review claim construction de novo except for subsidiary fact findings, which we review for substantial evidence. *Perfect Surgical Techniques, Inc. v. Olympus Am., Inc.*, 841 F.3d 1004, 1012 (Fed. Cir. 2016). In IPR proceedings, the Board gives claims their broadest reasonable interpretation consistent with the specification. *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 747, 751 (Fed. Cir. 2016).

## I

The Board erred in its constructions of "a fabric member" and "an enclosure member." The Board's constructions allow for the claimed crib to have multiple fabric members and enclosure members. Although the use of the singular articles "a" and "an" often means "one or more" when the transitional phrase "comprising" is used, *Convolve, Inc. v. Compaq Computer Corp.*, 812 F.3d 1313, 1321 (Fed. Cir. 2016), in this instance, the Board's construction is inconsistent with the use of the terms in the claims.

The ordinary language of the claims indicates that a single fabric or enclosure member is capable of separating the interior of the claimed crib from the exterior. Claim 1 requires the fabric member "define a surrounding wall" and "delimit an enclosed space." Claims 8 and 15 require the enclosure member "surround[] an enclosed space."

Claims 15 and 20, moreover, provide that the "enclosure member includ[es] a plurality of side panels." Under the Board's construction, each side panel would constitute an "enclosure member," so there would be no meaningful distinction between the terms. We conclude that "a fabric member" and "an enclosure member" must be unitary structures able to "delineate" or "surround[]" an "enclosed space."

This construction is consistent with the examples disclosed in the specification. The preferred embodiment, depicted in Figure 3, shows the fabric member as a single element with four side panels and four sleeve portions formed by sewing, and the fabric member is the element defining a surrounding wall around the bed frame structure. '919 patent at 2:35–43. The side panels are part of the unitary fabric member and are not separately described or identified as "members" in the patent. *See* '919 patent at 2:42–45. Although we must be careful not to read limitations from the specification into the claims, the specification's use of the claim terms in a manner consistent with their use in the claims further supports our conclusion.

The Board and Appellees Baby Trend, Inc., Denny Tsai, and Betty Tsai (collectively "Baby Trend") emphasize the role of the prosecution history in the claim construction, but read in context, the prosecution history does not support the Board's construction. Wonderland amended reissue claim 8 during prosecution to remove the express limitation that the enclosure member was "formed in a single body," and amended reissue claim 20 to remove the express limitation that the plurality of side panels be "connected [to] one another along joining edge portions." The Board determined these amendments indicated an intention to not limit the claims to cribs with only a single enclosure member. The prosecution history suggests, however, these changes were part of a series of changes emphasizing that the "fabric/enclosure member

surrounds an enclosed space adapted for receiving a baby therein," J.A. 1853, made in response to the examiner's citation to a prior art reference directed to chairs. Rather than broadening the claims, these amendments sought to distinguish from prior art.

Properly construed, therefore, "a fabric member" and "an enclosure member" refer to unitary elements that separate the interior of the claimed crib from the exterior.

## II

The Board's alternative finding that the claims are unpatentable under the construction we now adopt is not supported by substantial evidence. The prior art cited does not teach the "a fabric member" or "an enclosure member" limitations as properly construed. On appeal, Baby Trend relies on Vaiano for a disclosure of these limitations under the constructions we have adopted. It argues the Board's finding that Vaiano taught a single, continuous member is supported by substantial evidence. We disagree.

Although the Board states that "Vaiano refers to netting 32 as a single, continuous member," J.A. 171, the citation the Board provides does not stand for that proposition. The cited passage in the specification reads in its entirety:

> Secured to the posts 10 and the peripheral edge of floor 9 is a netting 32, preferably of nylon or other synthetic material. The upper edge of net 32 is attached at 34 to an annular bumper 36 of suitable fabric enclosing a resilient core 38 of rubber or plastic material secured to the upper portions of posts 10.

J.A. 2770. This does not indicate that the netting is a single, continuous member. The Board also cites Figure 1 of Vaiano, depicted below.



Baby Trend suggests this depicts a continuous, single member because some of the lines of the netting in the back corner align. The lines at the other corners, however, do not. While it is possible that a single, continuous piece could be used in Vaiano, that is not the question before us. Instead, we ask whether Vaiano discloses a single, continuous piece. Substantial evidence does not support the Board's finding that it does.

Baby Trend's argument that the Board inherently adopted its expert's testimony discussing Vaiano's disclosure is unavailing. The Board cited Baby Trend's Petition for IPR and stated that it found the arguments therein "persuasive[]." J.A. 171. It did not, however, cite to Baby Trend's expert's declaration or make any reference to expert testimony. When the Board intends to rely on extrinsic evidence, it does so expressly. A single citation to 10 pages in a petition does not incorporate by reference every piece of evidence referenced therein. Similarly, Baby Trend may not rely on statements made by Administrative Patent Judges at the oral hearing that were not included in the Board's written decisions.

## CONCLUSION

Applying the proper claim constructions, we find the record does not contain substantial evidence supporting the Board's findings of anticipation and conclusions of obviousness. We have considered Baby Trend's remaining arguments and find them unpersuasive. Therefore, the judgments of the Board are reversed.

**REVERSED**